**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**STANDING ORDER FOR MISDEMEANOR CASES**
**BEFORE JUDGE TREVOR N. McFADDEN**

In order to administer this misdemeanor case in a fair and efficient manner, it is hereby

**ORDERED** that the parties are directed to comply with each of the directives set forth in this Order. The Court will hold the parties responsible for following these directives; failure to conform to this Order's directives **may, when appropriate, result in the imposition of sanctions**.

1. **Local Rules**

   Parties are expected to comply with the Local Criminal Rules of this Court ("LCrR"). The Rules are available online at http://www.dcd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

2. **Initial Status Conference**

   The Government is required to provide all "defendant-specific" discovery information to the Defense by the Initial Status Conference or within one week of the Defense request for reciprocal discovery under Fed. R. Crim. P. 16(b)(1), whichever is later. Regardless of any Defense request, the deadline for disclosure of any information covered by LCrR 5.1 is the Initial Status Conference.[1] Failure to strictly follow these timelines may result in sanctions, including likely Dismissal for Failure to Prosecute. The Government is also expected to provide any plea offer that it intends to make no later than the Initial Status Conference.

3. **Second Status Conference/Change of Plea Hearing**

   The Court will typically schedule a second status conference approximately 60 days after the Initial Status Conference. If the parties wish to convert this conference to a Change of Plea Hearing, they should contact chambers and provide signed originals of the plea paperwork no later than two business days before the Status Conference.

   The Court gives *substantial credit* to Defendants who make a timely manifestation of their acceptance of responsibility. *Cf.* U.S.S.G. § 3E1.1. "Timely," for purposes of

---

[1] Should the Government believe that any defendant-specific discovery or Rule 5.1 discovery can only be disclosed pursuant to a Protective Order, the Government should attempt to obtain agreement from the Defendant for the entry of a consent Protective Order before the Initial Status Conference. If the Defendant has not agreed to a Protective Order, the Government may seek entry of a Protective Order at the Initial Status Conference. If the Government has not obtained consent or sought Court authorization for a Protective Order by the Initial Status Conference, the lack of a Protective Order will not excuse the Government's compliance with the above timelines.

misdemeanor cases, will typically mean that the Defendant pleads guilty no later than the date of the Second Status Conference.

If the parties have not reached a plea agreement by the time of this Status Conference, the Court will set a trial date, based on the Speedy Trial Act, the Court's schedule, and defense counsel's availability.  The Court expects the Government will substitute counsel if the assigned prosecutor is not available for the misdemeanor trial date.

Except in unusual circumstances, the Court will not toll the Speedy Trial Act after the second Status Conference to allow for plea negotiations or production of discovery.

To facilitate scheduling and to avoid over-summoning jurors, the Defense is requested to inform the Court at the Second Status Conference if the Defendant wishes to waive a jury at trial.  This is purely for scheduling purposes—the decision whether to waive a jury is completely up to the Defendant.

4. **Pre-Trial Motions**

Unless the Court orders otherwise, all pre-trial motions (including but not limited to motions to suppress, dismiss, for change of venue, and in-limine) are due six weeks before the trial date.  All oppositions are due three weeks before the trial date.  Any replies are due two weeks before the trial date.

For jury trials, the parties must jointly file proposed voir dire questions and proposed final jury instructions two weeks before the trial date.  To the extent that the parties do not agree on specific final jury instructions, they should provide alternative versions of the proposed instructions along with a brief justification for each side's position.

Parties are expected to scrupulously follow the timeline above.  Any motion filed before the dates set forth above must explicitly explain why it must be filed early or it will be summarily denied.  Any party seeking to late-file a motion must explain what extraordinary circumstance caused the delay.

For bench trials, the Government shall file, and Defense may file, a short trial brief no later than two business days before the trial.  The trial briefs should include, inter alia, the names and titles of anticipated witnesses, a short summary of the expected evidence offered through each witness, and the expected duration of direct examination of each witness.

5. **Pre-Trial Conference/Motion Hearing**

For bench trials, the Pre-Trial Conference/Motion Hearing will occur on the morning of trial.  The Court will schedule a Pre-Trial Conference/Motion Hearing beforehand in jury trials, although the conference may be cancelled if the Court can resolve the matters without a hearing.

**6.**   **Trial**

In misdemeanor cases, the Court scrupulously enforces Fed. R. Evid 403's exclusion of evidence that is needlessly cumulative, unduly delays trial, and/or wastes time.  The Court may terminate an attorney's examination of a witness if the attorney asks questions that violate this Rule.

Misdemeanor jury trials typically last no longer than two days.  Misdemeanor bench trials typically last no longer than one day.  The Court does not permit the attorneys to present opening statements in misdemeanor bench trials.  They may file a short trial brief in lieu of an opening statement.

**7.**   **Sentencing**

The Court will typically proceed *immediately* to sentencing after a guilty plea or guilty verdict that solely involve Class B or C misdemeanors or infractions.  *Cf.* U.S.S.G. § 1B1.2(a) (Guidelines do not apply to these offenses).  No Pre-Sentence Investigation will be ordered.  For Class A Misdemeanors, the Court will set a subsequent sentencing hearing date to allow for the completion of a PSI.  The Court will, however, entertain requests to proceed immediately to sentencing on Class A Misdemeanors without a PSI.  *See* U.S.S.G. § 6A1.1.

**8.**   **Appearances at Hearings**

The Defendant must be present for all hearings unless the Court has pre-authorized a waiver of the Defendant's presence.  For virtual hearings, the Defendant and all attorneys must be seated, appropriately dressed, and in a quiet room.  All participants should ensure they have good cellular reception and connectivity prior to the hearing.  Failure to follow these guidelines may result in the requirement that all future hearings occur in person.

**SO ORDERED.**

/s/
**TREVOR N. McFADDEN**
United States District Judge