UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | No. 22-cr-00285 (TNM |
| FRANK JOSEPH BRATJAN, Jr. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Frank Joseph Bratjan, through undersigned counsel, respectfully submits this Memorandum in Aid of Sentencing. The United States has recommended that Mr. Bratjan be incarcerated for 14 days. Mr. Bratjan respectfully submits that incarceration is not warranted here, and requests that the Court reject the government's recommendation of 14 days' incarceration, and impose a sentence of probation.

**FACTS**

On December 19, 2020, then-President Trump posted a message on Twitter stating that his loss in the 2020 election was "statistically impossible," and the result of "election fraud." The message concluded "[b]ig protest in D.C. on January 6th. Be there, will be wild!" On January 5, 2021, Frank Bratjan -- a 28-year-old Post Office worker who supported then-President Trump's 2020 reelection bid -- traveled to Washington, DC with the sole intention of participating in that protest, and expressing his political beliefs. Mr. Bratjan traveled alone, and did not make any plans other than to attend the rally. However, like many others on that day, he followed the crowd into the United States Capitol. He left the building after only about 5 minutes, and returned to his home. While on Capitol grounds and in the building, he did not

participate in any violence, destruction, or theft of property, and had no interaction with the Capitol Police or other security officers.

Mr. Bratjan was arrested on June 14, 2022, and voluntarily submitted to an interview with FBI agents. Mr. Bratjan was polite, candid, and cooperative, answering all the agents' questions with complete candor. As the government acknowledges, he "immediately indicated his willingness to cooperate with investigators . . . began offering truthful information . . . admitted he went inside the building," and expressed remorse. Government's Sentencing Memorandum (September 7, 2022) [ECF No. 17] ("Govt Sent. Mem.") at 11-12. He has complied with all conditions of release, and on August 22, 2022, entered into an agreement to plead to one count of Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. §5104(e)(2)(G), a misdemeanor. Mr. Bratjan respectfully submits that in the circumstances of this case, a sentence of probation, and not incarceration, is appropriate.

## ARGUMENT

**A Sentence of Probation, Rather than Incarceration, is Appropriate in this Case.**

I. Legal Standard

In fashioning a sentence, the Court must consider the defendant's "history and circumstances," as well as "the nature and circumstances of the offense," 18 U.S.C. §3553(a)(1), and impose a sentence "sufficient, but not greater than necessary," to:

    (A) reflect the seriousness of the crime, promote respect for the law, and provide just punishment for the offense;

    (B) afford adequate deterrence to criminal conduct;

    (C) protect the public from further crimes of the defendant; and

> (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a); *United States v. Ferrell,* 234 F. Supp. 3d 61, 63 (D.D.C. 2017). The sentence must also reflect "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6). Mr. Bratjan respectfully submits that these factors call for a sentence of probation, and not incarceration, in this case.

## II. Mr. Bratjan's History and Circumstances," and "the Nature and Circumstances of the Offense," Call for a Sentence of Probation and Not Incarceration.

### a. Mr. Bratjan's History and Circumstances

Frank Bratjan, Jr. was born in 1994, the third child and only son of Frank and Michelle Bratjan. His parents divorced when Frank was 4 years old. In 2005, Frank's mother married his stepfather, Col. Rick Ackerman (U.S. Army Ret.).

In 2010, Frank was involved in a snowboarding accident while not wearing a helmet. He was knocked unconscious, and suffered traumatic brain injury ("TBI") involving multiple hemorrhagic contusions in his brain. This led to cognitive deficits, and impaired insight, memory and concentration. His stepfather reports that since the accident, "his thinking can be imprudent and without consideration to the more nuanced effects from a decision." *See* Exh. A (Letter of Col. Rick Ackerman).

Despite his injury, Frank graduated from Paul V. Moore High School in Central Square, New York, in 2012. After graduation, he studied graphic and multimedia design at SUNY Canton, and network administration at DeVry University and Bryant & Stratton College. While pursuing these studies, he worked at UPS, and cleaning an event venue in Syracuse. In 2017, he became a data entry/customer service representative at Optogenics, a wholesale optical

lab in Syracuse, where he worked until late 2019. Following a series of jobs in the food service industry, he took a job at the United States Post Office in Groton, New York for several months.

Early in 2021, Frank moved to Minnesota to live with his mother and stepfather. (He has since leased his own apartment.) He took a job at the Post Office in Eagan, Minnesota, as a Carrier Assistant, and several months later, he was promoted to Carrier. Frank serves as the Health and Safety Officer for the Eagan Post Office, overseeing the health and safety of the Office's employees. Because the Post Office in Eagan is understaffed, Frank routinely works additional hours to assist in delivering mail outside his assigned route. In his spare time, Frank enjoys rock climbing and Spartan Racing (a series of obstacle races of varying distance and difficulty ranging from 3 miles to marathon distances).

### b. The Nature and Circumstances of the Offense

Frank supported President Trump in his 2020 reelection campaign. He has long been interested in politics, and frequently listened to political – generally conservative -- radio shows and podcasts. Frank learned of the rally promoted by President Trump through those shows, and came to Washington, D.C. on January 6, 2021, for the sole purpose of expressing his political beliefs. He came alone, and made no prior plans to do anything but attend the rally promoted by the President. He followed the crowd into the Capitol, but when he heard others threatening violence, he realized that some members of the crowd had very different intentions than he did, and quickly left the building. He engaged in no violence, destruction, or theft of property, and had no interaction with the Capitol Police or other security officers.

Mr. Bratjan agrees with the government's statement that in fashioning the Court should look to aggravating and mitigating factors, including:

(1) whether, when, and how the defendant entered the Capitol building;

  (2) whether the defendant encouraged violence;

  (3) whether the defendant encouraged property destruction;

  (4) defendant's reaction to acts of violence or destruction;

  (5) whether, during or after the riot, the defendant destroyed evidence;

  (6) the length of the defendant's time inside of the building, and exactly where the defendant traveled;

  (7) the defendant's statements in person or on social media;

  (8) whether the defendant cooperated with, or ignored commands from police officers; and

  (9) whether the defendant demonstrated sincere remorse or contrition.

Govt. Sent. Mem. at 14.  Mr. Bratjan was in the Capitol for only 5 minutes.  There is no evidence that he encouraged violence or property destruction.  In fact, when he heard threats of violence, he promptly left the building.  He did not ignore any commands from police within the Capitol or on its grounds, he cooperated fully in the investigation, and "was immediately contrite and quickly took responsibility for his actions." Govt Sent. Mem. at 15.

### III. The Goals of Sentencing Call for a Sentence of Probation.

 **A. A Sentence of Probation Would Accurately Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment.**

  Frank Bratjan came to Washington on January 6, 2021, for the sole purpose of participating in political expression, and not with any notion of engaging in any disorderly or disruptive conduct.  He came alone, and made no advance plans, other than to attend the rally.  He became swept up in the crowd that entered the Capitol, but exited quickly when he heard others in the crowd threaten violence.  Frank entered the Capitol with no intention of cause any injury or damage, but he recognizes that he made a grave mistake in entering the building, and that his presence there contributed to a dangerous situation.  He is deeply

5

remorseful, and respectfully submits that a term of incarceration is not necessary to ensure that he recognizes the full gravity of his conduct, and that he will never participate in anything similar in the future.

### B. A Sentence of Probation Would Provide Deterrence, and Protect the Public from any Further Crime by Mr. Bratjan.

Mr. Bratjan has no criminal record, and has never been involved in anything approaching criminal activity. Moreover, he is deeply remorseful for his involvement in the events of January 6, 2021. As the government acknowledges, he:

> [Q]uickly accepted responsibility once confronted with the evidence against him, and his lack of criminal history suggests he may quickly learn from this grave mistake not to engage in criminal behavior in the future.

He has learned a difficult but valuable lesson, and there is no reason to believe that a sentence of incarceration is required to ensure that he will never again be involved in anything similar.

### C. There is no Need for the Sentence to Provide Mr. Bratjan with Educational or Vocational Training, Medical Care, or Other Correctional Treatment.

Frank Bratjan is a young man who, despite a serious neurological injury, has found stable and steady employment with the United States Post Office, where he occupies a position of leadership as the Eagan Post Office's Health and Safety Officer, and helps take up the burden of an understaffed facility. He is liked and respected by the people he serves. *See* Exh. B (Letter of Lawrence L. Josephs). In short, Mr. Bratjan is not in need of educational or vocational training, or correctional treatment. In fact, the most likely effect of incarceration would be to cost Mr. Bratjan his job, and the stable and productive life that he has managed to build.

IV. **The** Need to Avoid Unwarranted Sentence Disparities **Calls for a Sentence of Probation.**

The Court should impose a sentence on Mr. Bratjan commensurate with those imposed on other defendants whose conduct was similar to his.[1] The government has recommended a sentence including 14 days' incarceration. With all due respect, Mr. Bratjan submits that the circumstances of his offense are very different than those in other cases in which the government has recommended the same term.

For example, the government recommended 14 days' incarceration for defendants who:

> Waved the crowd past barriers set by police, even moving one of the barriers, Government Sentencing Memos, *United States v. Gabriel Burress and Madison Pettit,* No. 21-cr-744 (March 24, 2022) [ECF Nos. 45 & 46] at 1-2;[2]
>
> Remained in a Senator's conference room for 90 minutes while marijuana was smoked, Government Sentencing Memo, *United States v. Justin McAuliffe,* No. 21-cr-608 (Jan. 20, 2022) [ECF No. 37] at 3;[3]

---

[1] The Court should also consider the broader context of defendants charged with improper acts in protests beyond the events of January 6, 2021. Police in Louisville, Kentucky arrested more than 800 people during 2020 demonstrations "prompted by the police killings of George Floyd in Minneapolis and Breonna Taylor in Louisville," but the "vast majority" of these cases were dismissed when prosecutors concluded the defendants were "exercising their basic civil rights" to "free speech and free assembly." Neil MacFarquhar, *Why Charges Against Protesters are Being Dismissed by the Thousands,* The New York Times (Nov. 19, 2020, updated Feb. 11, 2021), available at https://www.nytimes.com/2020/11/19/us/protests-lawsuits-arrests.html. The Multnomah County (Oregon) District Attorney has reported that it rejected 895 of 1,098 (81%) of protest-related cases between May 2020 and May 2022. Multnomah County District Attorney, *Protest Cases,* available at https://www.mcda.us/index.php/protest-cases.

[2] The defendants in *United States v. Gabriel Burress and Madison Pettit,* No. 21-cr-744, were both sentenced to 18 months' probation, with a condition of 45 days' home confinement.

[3] The defendants in *United States v. Justin McAuliffe,* No. 21-cr-608, was sentenced to 36 months' probation, with a condition of 60 days' home confinement.

7

> Remained in the Capitol for 90 minutes, "penetrat[ing] all the way to the Office of the Speaker of the House," Government Sentencing Memo, *United States v. Christopher Cunningham,* No. 21-cr-63 (June 17, 2022) [ECF No. 28] at 2;[4]
>
> Entered the Office of the Ranking Member of the House Appropriations Committee, and "had to be evicted" from the building, Government Sentencing Memo, *United States v. Nicole Prado,* No. 21-cr-403 (Jan. 31, 2022) [ECF No. 41] at 1-2;[5] and
>
> Entered a Senator's office, "which was ransacked," *United States v. Gary Edwards,* No. 21-cr-366 (Dec. 13, 2021) [ECF No. 27] at 1-2.[6]

Frank Bratjan engaged in none of this conduct, and respectfully submits that the government's recommendation overstates the seriousness of his offense, and should not be followed.[7]

The circumstances of Mr. Bratjan's offense are similar to – and in some cases less serious than -- that of other January 6 defendants who have been sentenced to probation for violating 40 U.S.C. §5104(e)(2)(G).  For example, a defendant sentenced to 36 months' probation came to Washington to attend the rally, and returned to her hotel room afterwards.

---

[4] The defendant in *Christopher Cunningham,* No. 21-cr-603, was sentenced to 12 months' probation, with a condition of 3 months' home confinement.

[5] The defendant in *United States v. Nicole Prado,* No. 21-cr-403, was sentenced to 12 months' probation, with a condition of 2 months' home confinement, and 60 hours of community service.

[6] The defendant in *United States v. Gary Edwards,* No. 21-cr-366, was sentenced to 12 months' probation and 200 hours of community service.

[7] The government argues that in sentencing Mr. Bratjan, the Court should consider the sentence imposed in *United States v. Andrew Ericson*, D.D.C. 1:21-cr-0050.  But the defendant in that case was inside the Capitol building three times as long as Frank Bratjan, and during that time he "entered Speaker Nancy Pelosi's conference room and posted a photo of himself with his feet on the conference table and took a beer from the fridge."   Govt Sent. Mem. at 20.  Mr. Bratjan engaged in no similar conduct, and to impose on him a sentence like that imposed in *Ericson* would be disproportionate.

There, she saw news reports about people entering the Capitol, and affirmatively decided that she would do the same. *See* Statement of Offense, *United States v. Valerie Ehrke,* No. 21-cr-97 (June 30, 3031) [ECF No. 14].  A defendant sentenced to 24 months' probation came to the rally with goggles to protect against tear gas, and was observed "smoking an unknown substance" in the Capitol.  *See* Statement of Offense, *United States v. Jacob Hiles,* No. 21-cr-155 (Sept. 9, 2021) [ECF NO. 24].  *See also United States v. Anna Morgan-Lloyd,* No. 21-cr-164 (36 months' probation); *United States v. Marissa Suarez,* No. 21-cr-205 (36 months' probation); *United States v. Patricia Todisco,* No. 21-cr-205 (36 months' probation where defendant entered Senator's office); *United States v. Douglas Wangler,* No. 21-cr-365 (24 months' probation); *United States v. Bruce Harrison,* No. 21-cr-365 (24 months' probation).

## CONCLUSION

For the foregoing reasons, Defendant Frank Bratjan respectfully submits that a sentence of probation, rather than incarceration, is appropriate in this case.

Dated:  September 8, 2022            Respectfully submitted,
                                      _____/s/_____
                                      Paul F. Enzinna (D.C. Bar No. 421819)
                                      Ellerman Enzinna PLLC
                                      1050 30th St., NW
                                      Washington, DC  20007
                                      202-753-5553
                                      penzinna@eellaw.com

                                      *Counsel for Defendant Frank Bratjan, Jr.*

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2022, a true copy of the foregoing Defendant's Memorandum in Aid of Sentencing was filed using the CM/ECF system, which will then send notification of such filing to all counsel of record.

_____/s/_____
Paul F. Enzinna

*Counsel for Defendant Frank Bratjan, Jr.*